# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GEORGE RHOADES and JENNIFER RHOADES,**<br>                Plaintiffs,<br><br>        v.<br><br>**MID-CENTURY INSURANCE COMPANY, and FARMERS INSURANCE GROUP, INC.,**<br>                Defendants. | **CIVIL ACTION**<br><br><br><br>**NO. 18-722** |

**DuBois, J.**                                                                              **July 27, 2018**

## M E M O R A N D U M

### I. INTRODUCTION

This insurance dispute arises out of a motor vehicle accident involving plaintiff George Rhoades ("plaintiff")[1] and a third-party tortfeasor. Plaintiffs seek damages from defendants Mid-Century Insurance Company ("Mid-Century") and Farmers Insurance Group, Inc. ("Farmers") stemming from their refusal to pay underinsured motorist benefits to plaintiffs. Presently before the Court is Defendants' Motion to Dismiss. For the reasons that follow, the Motion is granted in part and denied in part.

### II. BACKGROUND

The facts as alleged in Plaintiffs' Complaint are as follows. On May 6, 2014, plaintiff was employed as a captain in the Upper Darby Policy Department. Compl. ¶ 8. While in the scope of his employment, plaintiff was involved in an automobile accident at the intersection of Lansdowne and Huey Avenues in Drexel Hill, Pennsylvania. Compl. ¶ 9. At that time, a third-party tortfeasor drove into the intersection, ignoring a red traffic light, and struck plaintiff's police vehicle. Compl. ¶ 10. As a result of the accident, plaintiff suffered injuries including, but

---

[1] The Court notes that Jennifer Rhoades, George Rhoades' wife, is also named as a plaintiff in the case. There is no reference to Jennifer Rhoades in this Memorandum.

not limited to, traumatic brain injury, severe spinal injuries, and chronic cognitive dysfunction, and will never work again as a police officer. Compl. ¶¶ 19, 28.

On February 23, 2014, plaintiff obtained automobile insurance from Mid-Century and/or Farmers. Compl. ¶ 33. Plaintiff selected an insurance policy that included uninsured/underinsured motorist coverage. Compl. ¶ 34. The policy limit for uninsured/underinsured motorist coverage was $200,000. Compl. ¶ 35, Ex. A. Despite multiple attempts by plaintiff, the parties have been unable to agree on the amount of underinsured motorist benefits that plaintiff is entitled to recover. Compl. ¶¶ 41, 50.

Plaintiffs filed the Complaint in the Court of Common Pleas of Delaware County on January 31, 2018, asserting the following claims: Count I) violation of Pennsylvania Unfair Insurance Practices Act, 40 Pa. Stat. § 1171.1, *et seq.* ("UIPA"); Count II) bad faith; Count III) breach of contract/breach of fiduciary duty; Count IV) underinsured motorist claim; Count V) violation of Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Stat. § 201.1, *et seq.* ("UTPCPL"); and Count VI) loss of consortium.

Defendants filed a Notice of Removal on February 20, 2018, and a Motion to Dismiss on February 22, 2018. Plaintiffs responded on March 8, 2018. The Motion is thus ripe for review. For the reasons that follow, Defendants' Motion to Dismiss is granted in part and denied in part.

III. APPLICABLE LAW

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that, in response to a pleading, a defense of "failure to state a claim upon which relief can be granted" may be raised by motion to dismiss. To survive a motion to dismiss, the complaint must allege facts that "'raise a right to relief above the speculative level.'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint

must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A district court first identifies those factual allegations that constitute nothing more than "legal conclusions" or "naked assertions." *Twombly*, 550 U.S. at 555, 557. Such allegations are "not entitled to the assumption of truth" and must be disregarded. *Iqbal*, 556 U.S. at 679. The court then assesses the remaining "'nub' of the plaintiff['s] complaint—the well-pleaded, nonconclusory factual allegation[s]"—to determine whether the complaint states a plausible claim for relief. *Id.*

### IV. DISCUSSION

Defendants present two arguments in support of their Motion to Dismiss: (1) the Court should dismiss Counts I and V of the Complaint because plaintiffs fail to allege that defendants made a fraudulent representation; and (2) the Court should dismiss all claims against Farmers because it did not issue the insurance policy and because it is a federally registered service mark and not a legal entity that can be sued. The Court addresses each argument in turn.

**A. Count I and V of the Complaint**

Defendants argue that the Court should dismiss Counts I and V of the Complaint because an insurance company can be liable under the UTPCPL only if a plaintiff shows that the insurance company made a fraudulent representation and plaintiff relied on such representation. On this issue, plaintiffs no not aver in the Complaint that defendants made any false representations relating to the purchase of the insurance policy.

In Count I of the Complaint, plaintiffs assert a claim under the UIPA. Despite arguing that the Court should dismiss Count I, defendants do not argue in their Motion to Dismiss that plaintiffs failed to a state claim under the UIPA. Rather, defendants contend that plaintiffs failed

3

to state a claim under the UTPCPL, asserted in Count V.  Accordingly, the Court denies that part of defendants' Motion seeking dismissal of plaintiffs' UIPA claim in Count I.  The Court now addresses plaintiffs' UTPCPL claim in Count V.

"Under Pennsylvania law, an insurer can be held liable under the [UTPCPL] . . . only if there are fraudulent misrepresentations in order to sell a policy."  *Fisher v. Aetna Life Ins. & Annuity Co.*, 39 F.Supp.2d 508, 511 n.1 (M.D. Pa. 1998) (citing *Aetna Cas. & Sur. Co. v. Ericksen*, 903 F.Supp. 836, 841 (M.D. Pa. 1995)).  More specifically, a plaintiff alleging that an insurer violated the UTPCPL must prove the five elements of a misrepresentation claim, which are:

> (1) a false representation of an existing fact or a non-privileged failure to disclose; (2) materiality, unless the misrepresentation is intentional or involves a non-privileged failure to disclose; (3) scienter, which may be either actual knowledge or reckless indifference to the truth; (4) justifiable reliance on the misrepresentation, so that the exercise of common prudence or diligence could not have ascertained the truth; and (5) damage as a proximate result.

*Id.* at 511 (quoting *Wittkekamp v. Gulf & Western, Inc.*, 991 F.2d 1137, 1142 (3d Cir. 1993)).

Plaintiffs do not aver that defendants made any false representations that induced plaintiffs to purchase the insurance policy.  Rather, plaintiffs assert claims predicated on defendants' failure "to pay Plaintiffs' Underinsured Motorist claim according to terms and conditions of the Policy."  Compl. ¶ 67.  The Court thus concludes that plaintiffs fail to state a claim under the UTPCPL and grants without prejudice that part of defendants' Motion seeking dismissal of that claim in Count V of the Complaint.

### B.  Claims against Farmers

Defendants argue that all claims against Farmers should be dismissed because Farmers did not issue the insurance policy and because Farmers is a federally registered

service mark and not a legal entity that can be sued. Defendants cite to plaintiffs' insurance policy in support of their argument that Farmers did not issue the policy. Compl. Ex. A; Defs.' Mot. to Dismiss Ex. B. The Farmers logo appears throughout the policy. Compl. Ex. A; Defs.' Mot. to Dismiss Ex. B. The Court thus concludes that the insurance policy does not establish that Farmers is not a proper party to this action. Furthermore, defendants' argument that Farmers is not a legal entity that can be sued is considered an affirmative defense improper for adjudication on a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Rycoline Products, Inc. v. C&W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997).[2] Accordingly, the Court denies without prejudice that part of defendants' Motion seeking dismissal of all claims against Farmers.

## V. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is granted in part and denied in part. The Court denies that part of defendants' Motion seeking dismissal of plaintiffs' UIPA claim in Count I of the Complaint. The Court denies that part of defendants' Motion seeking dismissal of all claims against Farmers without prejudice. The Court grants that part of defendants' Motion seeking dismissal of plaintiffs' UTPCPL claim in Count V of the Complaint without prejudice.

An appropriate order follows.

---

[2] The Court notes that United States District Judge William C. Conner in *Country Rock Cafe, Inc. v. Truck Insurance Exchange*, 417 F.Supp.2d 399, 401–02 (S.D.N.Y. 2006) dismissed all claims against Farmers based on documentary evidence that established it was a registered service mark, not a corporation licensed to transact business.